1  Edwin F. McPherson--State Bar No. 106084
     emcpherson@m-klaw.com
2  Pierre B. Pine --State Bar No. 211299
     ppine@m-klaw.com
3  **McPHERSON & ASSOCIATES**
   1801 Century Park East
4  24th Floor
   Los Angeles, CA 90067
5  Tel:(310)553-8833
   Fax:(310)553-9233
6
   Stephen F. Huff
7    shuff@pryorcashman.com
   Tom J. Ferber
8    tferber@pryorcashman.com
   Jacob B. Radcliff
9    jradcliff@pryorcashman.com
   **PRYOR CASHMAN LLP**
10 410 Park Avenue
   10th Floor
11 New York, NY 10022
   Tel: (212)421-4100
12 Fax:(212)326-0806

13 Attorneys for Plaintiffs and Counter-Defendants NEW LINE PRODUCTIONS, INC.,
   NEW LINE DISTRIBUTION, INC., NEW LINE HOME ENTERTAINMENT, INC.,
14 NEW LINE MEDIA, INC., NEW LINE TELEVISION, INC., and Counter-Defendant
   NEW LINE CINEMA CORP.

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
FEB 27 2008
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW LINE PRODUCTIONS, INC., NEW LINE DISTRIBUTION, INC., NEW LINE HOME ENTERTAINMENT, INC., NEW LINE MEDIA, INC., and NEW LINE TELEVISION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BROCK THOENE, and ROBERTA BODIE THOENE<br><br>Defendants. | CASE NO. 2:07 - CV 5655 GW (AGRx)<br><br>[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER |

| | |
|---|---|
| WILLIAM BROCK THOENE, and ROBERTA BODIE THOENE, | ) |
| Counter-Claimants, | ) |
| v. | ) |
| NEW LINE PRODUCTIONS, INC., NEW LINE DISTRIBUTION, INC., NEW LINE HOME ENTERTAINMENT, INC., NEW LINE MEDIA, INC., NEW LINE TELEVISION, INC., and NEW LINE CINEMA CORP., | ) |
| Counter-Defendants. | ) |

Upon consideration of the parties' Stipulated Protective Order, filed concurrently herewith, and for good cause shown, the Court GRANTS the Stipulated Protective Order as follows:

1. Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Such documents may include, but are not limited to, confidential financial data and private work product of the parties in relation to the creation of their books, films, and other media for public consumption.

2. For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representation of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all of the following: day-timers, journals, logs, calendars, handwritten notes, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices,

orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimilies, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another documents, is to be considered a separate document.

3. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the proprietary and financial information of the parties.

4. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

///
///

6. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. In addition, the parties may designate testimony from a deposition as confidential subsequent to the deposition, by making such designation within 14 days from the receipt of the transcript.

7. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

8. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each

1. other party and for the parties.

2. 9. Only qualified persons who have executed the non-disclosure agreement may attend depositions at which Confidential Material is used or discussed.

3. 10. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2, 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) and 6(c) above, but shall not be disclosed to a party, a witness, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

4. 11. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

5. 12. Nothing herein shall be construed to affect in any manner the admissibility [or confidentiality –AGR] at trial of any document, testimony or other evidence.

6. 13. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). Any such application shall be made pursuant to the procedures and requirements set forth in L.R. 79-5.1 (i.e., no document, testimony, or other evidence shall be filed under seal without prior approval by the Court upon written motion). The application shall be

[Proposed] Order

directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14. The inadvertent or unintentional disclosure of any Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order. Any such documents or information inadvertently produced without designation, and all copies and records thereof, shall be immediately returned to the producing party upon written notice from the producing party.

15. If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

16. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information

1. or altering any existing obligation of any party or the absence thereof.

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, and upon 60-days written request by counsel for the providing party, the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

DATED: February 27, 2008

HON. ALICIA G. ROSENBERG
United States Magistrate Judge

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

On February 25, 2008, I served the foregoing document described as:

### [PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

on the interested parties in this action by placing a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

See Attached List

___ BY FEDERAL EXPRESS

XXX BY MAIL

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing.

___ BY PERSONAL SERVICE

I delivered such envelope by hand to the offices of the addressee(s).

___ BY FACSIMILE

I faxed such document to the offices of the addressee(s).

___ BY ELECTRONIC MAIL

I caused such documents(s) to be transmitted by electronic mail directly to the person(s) being served and the name(s) and electronic mail address(es) of the person(s) served as set forth on the service list.

Executed on this February 25, 2008, at Los Angeles, California.

___ (State) I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

XXX (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

___ANITA STEPHAN___

## SERVICE LIST

Jacob Radcliff, Esq.
PRYOR CASHMAN LLP
410 Park Avenue
10th Floor
New York, NY 10022

Bernard C. Barmann, Jr., Esq.
HIRSCHMANN & BARMANN LLP
707 Wilshire Blvd.
Suite 3260
Los Angeles, CA 90017

Louis P. Petrich, Esq.
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East
Suite 3110
Los Angeles, CA 90067